UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
08-CR-186A

v.

JEROME C. CROSBY et al.,

Defendants.

This case was referred to Magistrate Hugh B. Scott pursuant to 28 U.S.C.

§ 636(b)(1)(A). On June 24, 2011, Magistrate Judge Scott issued a Report and

Recommendation (Dkt. No. 623) that addressed the following motions by the

following defendants:[1]

| Defendant | Motion | Dkt. No. |
|-----------|--------|----------|
| Jerome Crosby | Dismiss Indictment; Suppress Wiretap Evidence | 291 |
| Patrick Perry | Suppress Wiretap Evidence | 256 |
| Wallace Peace | Suppress Wiretap Evidence | 250 |
| Sean Williams | Dismiss Indictment | 161 |
| Victor Gaston | Dismiss Counts 1, 16, 84, 85; Suppress Wiretap Evidence | 165, 282 |
| Demetrius Degree | Dismiss Counts 15, 77, 78; Suppress Statements and Physical Evidence | 122 |

[1] These defendants and others also filed motions to join each other's requests for relief, as explained in footnotes 2 and 4 of the Report and Recommendation.

In the Report and Recommendation, Magistrate Judge Scott recommended dismissing all of the counts of the superseding indictment (the "Telephone Counts")[2] that accused the moving defendants of communicating by telephone in furtherance of drug felonies in violation of 21 U.S.C. § 843(b). Magistrate Judge Scott also recommended denying the moving defendants' motions to dismiss Count One of the superseding indictment and denying their motions for a taint hearing and for suppression of wiretap evidence.

The moving defendants have filed objections to the Report and Recommendation. (*See* Dkt. Nos. 658, 660, 661, 663, 666.) The Government filed its objections on August 26, 2011. (*See* Dkt. No. 678.) The Court held oral argument on September 13, 2011.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(3) of the Federal Rules of Criminal Procedure, this Court must make a *de novo* determination of those portions of this Report and Recommendation to which objections have been made. Upon such a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of this Report and Recommendation except those concerning the Telephone Counts. For the reasons below, the Court denies the

---

[2] For a full listing of the Telephone Counts as they relate to each moving defendant, see page 16 of the Report and Recommendation and note 4 therein.

moving defendants' motions to dismiss the Telephone Counts as they pertain to each respective defendant.

"[A]n indictment issued for violations of 21 U.S.C. s 843(b) must specify the type of communication facility used, the date on which it was used, the controlled substance involved and some sort of statement of what is being facilitated with that controlled substance which constitutes a felony.  Without this crucial, minimal information, a defendant is deprived of her Sixth Amendment right to be apprised of the charges against her, and her Fifth Amendment right to establish a record to defend against the possibility of double jeopardy."  *U.S. v. Hinkle*, 637 F.2d 1154, 1158 (7th Cir. 1981) (citation omitted).  The Seventh Circuit in *Hinkle* dismissed the Section 843 counts in question because they only listed days when the defendant allegedly made telephone calls.  The *Hinkle* telephone counts did not list times, acts facilitated by the calls, or which of the 142 controlled substances in that case were involved in each call.  *See Hinkle*, 637 F.2d at 1158 ("Here, appellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of one hundred and forty-two controlled substances . . . . Furthermore, the indictment's specification of the date on which appellant allegedly used the phone in violation of 21 U.S.C. s 843(b) adds little if anything to her knowledge of the charges against her, given the frequency with which most people use the telephone during any one day.").

3

In contrast, the Telephone Counts here state explicitly that all of the telephone calls in question furthered the possession with intent to distribute, and the distribution of, cocaine and cocaine base, along with a conspiracy to do so. *Cf. U.S. v. Keck*, 773 F.2d 759, 764 (7th Cir. 1985) (finding telephone counts adequate where "the counts alleging violations of 21 U.S.C. § 843(b) specified the type of communication facility used (a telephone), the felony facilitated (conspiracy to possess with intent to distribute and to distribute a controlled substance), as well as the dates and approximate times when the conversations occurred"). The conspiracy is not described explicitly as the conspiracy set forth in Count One, but that inference is reasonable. *Cf. U.S. v. Zavala*, 839 F.2d 523, 526 (9th Cir. 1988) ("It is true that the substantive counts here do not specifically refer to count one, which charged the conspiracy to import cocaine. However, this is a defect of form, not substance."). Additionally, the table setting forth all of the telephone calls mentions specific times along with specific dates. *Cf. U.S. v. Adams*, 759 F.2d 1099, 1117 (3d Cir. 1985) ("The indictment went beyond the requirements of *Hinkle*, however, in that it specified the exact time of the telephone communication on a particular date and the persons involved in the communication. Furthermore, unlike *Hinkle*, the indictment set forth the offense that was facilitated by use of a telephone, a conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846."). As a result, and combined with the Bill of Particulars that Magistrate Judge Scott

ordered in a separate non-dispositive Order (Dkt. No. 624), the moving

defendants are sufficiently on notice of the charges against them and the

circumstances underlying those charges.  The Court thus will leave the

Telephone Counts in place, to the extent that any defendants have requested

their dismissal.

For all of the foregoing reasons, the Court denies the moving defendants'

motions to dismiss any counts of the superseding indictment.  The Court further

denies the moving defendants' motions to suppress and to require a taint hearing.

The parties are directed to appear before the Court on **Thursday, October 13,**

**2011 at 9:00 a.m.** for a status conference to set a trial date.

SO ORDERED.


_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 12, 2011